**Alfred S. REGO and Mary Rego, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 82–1156.**

United States District Court, W.D. Tennessee, E.D.

May 3, 1984.

Darrell F. Brown, Darrell F. Brown & Associates, Little Rock, Ark., for plaintiffs.

Lawrence Sherlock, Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

McRAE, Chief Judge.

This action was brought by the plaintiffs, Alfred S. Rego and Mary Rego, his wife, for the recovery of federal income taxes paid for the years 1979 and 1980 in the amount of $24,494. Presently before the Court are cross motions for summary judgment. Summary judgment is appropriate only when the record shows that there is no genuine issue as to any material fact and one of the moving parties is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56.*

The undisputed facts show that the plaintiffs are married citizens of the United States, who presently reside in Savannah, Tennessee. During the years 1979 and 1980, the plaintiffs resided in the territory within the Republic of Panama that formerly constituted the Canal Zone under the control and jurisdiction of the United States. Both plaintiffs were employed by the Panama Canal Commission. For the taxable years 1979 and 1980, the plaintiffs filed joint federal income tax returns and reported as income the salaries received from the Panama Canal Commission and paid the taxes due. Subsequently, the plaintiffs filed claims for refund for taxes paid in 1979 and 1980, in the amounts of $5,491 and $19,003, respectively. After the Internal Revenue Service notified the plaintiffs that their claims for refund were disallowed, this action ensued. The plaintiffs contend that they have overpaid their in-

come taxes for 1979 and 1980 in the total amount of $24,494 and are due a refund because various provisions of the Panama Canal Treaty render their income exempt from taxation.

On September 7, 1977, the United States and the Republic of Panama signed the Panama Canal Treaty and the Treaty Concerning the Permanent Neutrality and Operation of the Panama Canal. Article III, paragraph 9 of the Panama Canal Treaty provides in relevant part that the "rights and legal status of United States Government agencies and employees operating in ... Panama ... shall be governed by the Agreement in Implementation of this Article ...." The Agreement in Implementation of Article III contains a provision which states in pertinent part:

### ARTICLE XV

### Taxation

1. By virtue of this Agreement, the Commission, its contractors and subcontractors are exempt from payment in the Republic of Panama of all taxes, fees or other charges on their activities or property.
2. United States citizen employees and dependents shall be exempt from any taxes, fees, or other charges on income received as a result of their work for the Commission. Similarly, they shall be exempt from payment of taxes, fees or other charges on income derived from sources outside the Republic of Panama.
3. United States citizen employees and dependents shall be exempt from taxes, fees or other charges on gifts or inheritance or on personal property, the presence of which within the territory of the Republic of Panama is due solely to the stay therein of such persons on account of their or their sponsor's work with the Commission.

The plaintiffs contend that paragraph 2 of Article XV grants them an exemption from paying United States taxes for the income they received from their employment with the Panama Canal Commission. Because this particular "any taxes" language is ar-guably subject to more than one construction, this Court will consider extraneous matter to aid in determining the signatories' intent and expectations. *See Hidalgo County Water Control v. Hedrick,* 226 F.2d 1, 8 (5th Cir.1955), *cert. denied,* 350 U.S. 983, 76 S.Ct. 469, 100 L.Ed. 851 (1956).

The Committee on Foreign Relations held extensive hearings on the Treaty and related documents, and in February, 1978, issued its report. E.Rep. No. 95–12, 95th Cong. 1st Sess. 127 (1978). This Report contains a section-by-section analysis of the treaties and implementing agreements. Such analyses, prepared by members of the treaty negotiating team, are considered as an authoritative source of information in regard to the interpretation of the treaties. With respect to paragraph 2, Article XV of the Agreement in Implementation of Article III, the analysis reads, in pertinent part, as follows:

Paragraph 2 exempts United States citizen employees and dependents from the imposition by Panama of taxes on income received as a result of their work with the Commission and on the income derived from sources outside Panama .... *Report* at 155.

Pursuant to the above analysis and construing the language of Article XV as a whole, this Court is of the opinion that paragraph 2 exempts United States employees of the Commission from Panamanian taxation only. *See Kolovrat v. Oregon,* 366 U.S. 187, 194, 81 S.Ct. 922, 926, 6 L.Ed.2d 218 (1961); *Factor v. Laubenheimer,* 290 U.S. 276, 294–95, 54 S.Ct. 191, 196, 78 L.Ed. 315 (1933).

Based on the foregoing, this Court finds that the plaintiffs are not exempt from paying federal income taxes on income derived from their work on the Panama Canal Commission. Accordingly, the defendant's motion for summary judgment is hereby granted.

IT IS SO ORDERED.